IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IRA E. CAMPBELL, | |
| **Plaintiff,** | |
| v. | Case No. 3:21-cv-00474-SPM |
| WASTE MANAGEMENT OF ILLINOIS, INC., a corporation, | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter arises out of a retaliatory discharge claim originally brought in the Twentieth Judicial Circuit Court, St. Clair County, Illinois, by Plaintiff Ira E. Campbell against her former employer, Defendant Waste Management of Illinois, Inc., a corporation (Doc. 24, p. 1). Defendant removed this action to federal court under diversity jurisdiction, claiming complete diversity of citizenship exists because Plaintiff is a citizen of Illinois and Defendant is a citizen of Texas (Doc. 1, p. 3). It is undisputed that Plaintiff is a citizen of Illinois and that the amount in controversy here exceeds $75,000 (*See* Doc. 20, p. 2; Doc. 24, p. 1, 2). However, Plaintiff disputes Defendant's citizenship, alleging that Defendant's principal place of business is located in Illinois, rendering Defendant a citizen of Illinois, not Texas, thus destroying diversity (Doc. 20, p. 2). Accordingly, Plaintiff now moves to remand this action back to Illinois state court due to a lack of diversity (Doc. 20).

Because Defendant is able to establish that it is a citizen of Texas, not Illinois, the parties are diverse, and federal subject matter jurisdiction is proper.

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).

A corporation is a citizen of the state of its incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The location of a corporation's "principal place of business" is determined using the Seventh Circuit's "nerve center" test adopted by the Supreme Court, defining a principal place of business as the place where a corporation's officers direct, control, and coordinate its activities, which "will typically be found at [its] headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See*

*Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. Apr. 13, 2012). Failure to meet this burden results in remand of the removed case. 28 U.S.C. § 1447(c); *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Allied-Signal*, 985 F.2d at 911); *Kalbfleisch ex rel. Kalbfleisch v. Columbia Community Unit School Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1087 (S.D. Ill. 2009). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

## ANALYSIS

In his Motion to Remand, Plaintiff relies upon the distinction between what Plaintiff alleges to be two separate corporate entities, Waste Management Inc. ("WM"), a holding company with its principal place of business in Texas, and Waste Management of Illinois, Inc. ("WMI"), one of WM's subsidiaries with its principal place of business in Illinois (Doc. 20, p. 2, 4). Plaintiff argues that WMI—the exclusive defendant in this case—has "blurred the difference between its various corporate entities to justify removal" and should be treated as a separate corporate entity, distinct from WM (Doc. 20, p. 4). However, even assuming the two are in fact distinct corporate entities, the distinction is of little consequence, as the central inquiry here is the source of WMI's direction and control, which the evidence establishes is in Texas (Doc. 24, p. 4). *See Hertz*, 559 U.S. at 80-81.

Defendant has produced evidence showing that WMI's executive headquarters and all of its directors and executive officers are located in Houston, Texas (Doc. 24, p. 4)—compelling indications that WMI's source of direction and control is in Texas. *See Illinois Bell Telephone Co. v. Global Naps Illinois, Inc.*, 551 F.3d 587, 590 (7th Cir. 2008) (noting that "a corporation's principal place of business is where its 'nerve center' is located, or, more concretely, where its executive headquarters are located"); *see also Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 171-73 (4th Cir. 2014) (finding that a corporation's nerve center is its source of "ultimate" control, where the "critical mass" of its officers is located). Plaintiff fails to allege anything to rebut this evidence, nor has it produced any evidence to suggest that WMI is directed and controlled from anywhere other than Texas (*See* Doc. 20). The arguments advanced by Plaintiff to support its position that WMI's principal place of business is in Illinois have no bearing on WMI's nerve center (*See id.*). As such, Defendant has met its burden to establish that WMI is a citizen of Texas, not Illinois, and that the parties are thereby diverse.

## Conclusion

Accordingly, Plaintiff's Motion to Remand (Doc. 20) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: December 7, 2021**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
